DA 14-0222

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 232N

JOHN O. MILLER,

       Plaintiff and Appellant,

  v.

LEROY KIRKEGARD, BILLIE
REICH and KRISTY COBBAN,

       Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Third Judicial District,<br>In and For the County of Powell, Cause No. DV 14-10<br>Honorable Ray Dayton, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

           John O. Miller, self-represented, Deer Lodge, Montana

       For Appellees:

           Ira Eakin, McKenzie McCarthy, Special Assistant Attorneys General, Montana Department of Corrections, Helena, Montana

                          Submitted on Briefs: August 6, 2014
                                 Decided: August 26, 2014

Filed:

                            _____
                                   Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     John O. Miller appeals from an order of the Third Judicial District Court, Powell County, granting Leroy Kirkegard, Billie Reich, and Kristy Cobban's (Defendants') motion to dismiss Miller's complaint. We affirm.

¶3     Miller, who is incarcerated at Montana State Prison (MSP), filed a complaint against Defendants on January 28, 2014, alleging breach of legal obligations under § 28-1-203, MCA, and breach of due process under Article II, § 17 of the Montana Constitution. Miller's claims stem from Defendants' alleged refusal to process Miller's internal prison grievances. The initial complaint that has generated this dispute involved the late delivery of Miller's newspaper. Later complaints involved an application to add a family member to Miller's approved visiting list.

¶4     Defendants are employees of the Montana Department of Corrections. Kirkegard is the warden at MSP; Cobban and Reich are prison grievance officers. Defendants filed a motion to dismiss on March 19, 2014, arguing that Miller's claims were not justiciable, and that the District Court lacked subject matter jurisdiction because Miller failed to first present his claims to the Department of Administration. On March 28, 2014, Miller filed an amended complaint, adding claims for civil conspiracy and for discrimination and breach of equal protection under Article II, § 4 of the Montana Constitution. Defendants renewed their

2

motion to dismiss on April 8, 2014, and the District Court granted the motion on April 10, 2014. The District Court concluded that it did not have subject matter jurisdiction over Miller's claims because he had not presented his claims to the Department of Administration. The court did not address the issue of whether Miller's claims were justiciable.

¶5    Miller timely appealed. Miller argues that the District Court erred in concluding that his claims required administrative review under § 2-9-301(1), MCA, because he sued the Defendants in their "individual capacity," his claims were not "against a governmental entity," and his claims were not for "personal injury." Defendants counter that Miller should have filed a tort claim against the State with the Department of Administration because he seeks money damages for alleged torts committed under state law by state employees acting within the course and scope of their employment. Defendants also argue that Miller failed to state a claim upon which relief may be granted because his claims are non-justiciable, he has not articulated a violation of any constitutional right, and he has not sustained any damages.

¶6    We begin by addressing the issue of subject matter jurisdiction. As stated above, the District Court "concluded that Miller's failure to present his claims to the Department of Administration deprives [the court] of subject matter jurisdiction." Subject matter jurisdiction refers to a court's fundamental authority to hear and adjudicate a particular class of cases or proceedings. *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 57, 345 Mont. 12, 192 P.3d 186. M. R. Civ. P. 12(h)(3) requires a court to dismiss an action at any time if it determines that it lacks subject matter jurisdiction. Section 2-9-301(1), MCA, provides in pertinent part: "All claims against the state arising under the provisions of . . . this chapter must be presented in writing to the department of administration." "A complaint based on a

3

claim subject to [these] provisions . . . may not be filed in district court unless the claimant has first presented the claim to the department of administration and the department has finally denied the claim." Section 2-9-301(2), MCA.

¶7 Though Miller argues that this statutory requirement is inapplicable because his claims are against Defendants in their individual capacities and are not "against a governmental entity" or for "personal injury," this is clearly not the case. In his amended complaint, Miller seeks nominal and compensatory damages for actions taken by Defendants in the scope and course of their employment. Miller's claims fall under the statutory umbrella of Title 2, Chapter 9, MCA. *See* § 2-9-101(1), (3), MCA (Claim is defined as a "claim against a governmental entity, for money damages only, that any person is legally entitled to recover as damages because of personal injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of employment . . . ." Governmental entity is defined as "the state and political subdivisions."). Nothing in the record indicates that Miller first presented his claims to the Department of Administration and that the Department denied the claims. Thus, the District Court did not err in determining that it did not have subject matter jurisdiction over Miller's claims.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law.

¶9 For the foregoing reasons, we affirm.

4

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE